UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID JEANNETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 1:20-cv-3219 |
| | ) |
| J.C. PENNEY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, David Jeannette ("Jeannette"), by counsel, against Defendant, J.C. Penney Company, Inc. ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*

**II. PARTIES**

2.      Jeannette is a resident of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 29 U.S.C. § 626.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

1

6. Jeannette was an "employee" as that term is defined by 29 U.S.C § 630(f).

7. Jeannette satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on his age. Jeannette received the required Notice of Suit Rights and timely files this action.

8 A substantial part of the events, transactions, and occurrences relevant to this case arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Jeannette, who was born in 1952, began working for Defendant on around July 2017.

10. After initial training, Jeannette was assigned to work at the 8752 N. Michigan Road location in Indianapolis, as the store's General Manager.  Jeannette reported to Dionne Morgan, District Manager.

11. At all relevant times, Jeannette met or exceeded Defendant's legitimate performance expectations.

12. In or around August 2019, Jeannette was informed by Eileen Wilson, District Human Resources for Defendant, "you are just next on the list [for termination]". This list was created by the Defendant's Regional office. Jeannette was told that this decision was because his performance compared to his age was not good enough.

13. Thereafter, in or about September 2019, Jeannette was placed on a performance improvement plan, whose performance expectations were unattainable and merely a construct to justify terminating Jeannette's employment.

14. Nevertheless, Jeannette met or exceeded most of the expectations laid out for him and outperformed similarly situated, younger General Managers.

15. Defendant terminated Jeannette's employment on or around December 6, 2019, based on alleged performance issues. Jeannette was 67 at the time of his termination.

16. The reasons given to Jeannette for his termination is pretext for Age Discrimination, in violation of the ADEA. Jeannette has been damaged by Defendant's actions.

## V. CAUSES OF ACTION

17. Jeannette hereby incorporates by reference paragraphs one (1) through sixteen (16) of his Complaint as if the same were set forth at the length herein.

18. Jeannette's employment was terminated because of his age.

19. Defendant's actions were intentional, willful, and in reckless disregard of Jeannette's rights as protected by the ADEA.

20. Jeannette has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, David Jeannette, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

5. Award Plaintiff liquidated damages for Defendant's violations of the ADEA;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award Plaintiff pre- and post judgement interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.


Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Ryan Sullivan_____
Ryan Sullivan
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005

4

        Email:        RSullivan@bdlegal.com
                      Ad@bdlegal.com
*Attorneys for Plaintiff, David Jeannette*

## DEMAND FOR JURY TRIAL

Plaintiff, David Jeannette, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Ryan Sullivan*_____
Ryan Sullivan
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:  (317) 991-4765
Facsimile:  (812) 424-1005
Email:       RSullivan@bdlegal.com
              Ad@bdlegal.com
*Attorneys for Plaintiff, David Jeannette*